UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KAI HUNTE,

                            Plaintiff,               **Caso No.**

      -against-

JOHN DEVOYS LLC d/b/a ERNIE O'MALLEY'S
and PTMCD PROPERTIES, LLC,           **COMPLAINT AND DEMAND
                                     FOR JURY TRIAL**

                         Defendants
----------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants John Devoys LLC d/b/a Ernie O'Malley's and PTMCD Properties, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

       1.      This action arises from Defendants' persistent and unlawful disability discrimination. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, attorneys' fees, and litigation costs, to remedy Defendants' violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., its implementing regulations, the New York State Executive Law, § 296, the New York State Civil Rights Law, § 40, and the New York City Administrative Code, § 8-107.

       2.      Defendants own, lease, operate, and/or control a place of public accommodation that is not compliant with federal, state, or city accessibility requirements. They have chosen to disregard clear legal mandates designed to ensure that individuals with disabilities enjoy equal access. Plaintiff brings this suit to compel Defendants to make their facility accessible and to hold them accountable for the harm caused by their exclusionary conduct.

1

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions arising under the ADA and its regulations, including 42 U.S.C. § 12188. The Court also has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts of discrimination alleged herein occurred within this District, and the subject premises are located in this District.

**PARTIES**

5.      Plaintiff Kai Hunte is a resident of Queens County. He is an individual with a disability within the meaning of federal, state, and local civil rights laws. Plaintiff relies on the use of a wheelchair for mobility. He has visited the premises owned, leased, or operated by Defendants and intends to return once the barriers to access are removed.

6.      Defendant John Devoys LLC is a domestic limited liability company organized under the laws of the State of New York. It owns and operates the restaurant known as Ernie O'Malley's, located at 140 East 27th Street, New York, New York 10016 (the "Subject Facility").

7.      Defendant PTMCD Properties, LLC is a domestic limited liability company organized under the laws of the State of New York. Upon information and belief, PTMCD Properties, LLC is the landlord and/or property owner of the Subject Facility.

8.      Defendants are responsible for the ownership, operation, maintenance, management, and/or control of the Subject Facility, and are jointly and severally liable for

2

ensuring compliance with the ADA and related laws.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9.      The Subject Facility is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), as it is a restaurant and bar open to the general public. Defendants are subject to the requirements of Title III and its implementing regulations, 28 C.F.R. Part 36.

10.      Upon information and belief, portions of the Subject Facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design (for alterations prior to March 15, 2012) or the 2010 ADA Standards for Accessible Design (for alterations on or after March 15, 2012). In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform to the applicable Standards, they remain in violation of Title III.

11.      Plaintiff personally encountered barriers to access at the Subject Facility that denied him the full and equal enjoyment of the goods, services, and accommodations offered to the public. These barriers continue to deter Plaintiff from returning and patronizing the restaurant.

12.      The Subject Facility contains architectural barriers that impede Plaintiff's access and deny him full and equal use of the premises in violation of Title III of the ADA. These include, but are not limited to, the following conditions:

13.      Plaintiff encountered significant steps at the main entrance, with no ramp, lift,

3

or alternative accessible route provided. The lack of an accessible entrance violates 28 C.F.R. §§ 36.401 and 36.406, and the ADA Standards §§ 206.4, 402, 404, 405, and 406, which require that entrances be located on accessible routes and provide compliant doorways and ramps. Defendants further failed to provide an accessible means of egress as required by the ADA Standards § 207.

14.      Within the restroom, Defendants failed to install the required grab bars on the side and rear walls of the water closet. The omission violates 28 C.F.R. § 36.304 and the ADA Standards § 609, which mandate proper placement of grab bars to make toilet facilities usable by individuals with disabilities.

15.      These barriers, individually and collectively, deny Plaintiff safe and equal access to the goods and services offered at the Subject Facility. Removal of the barriers is readily achievable pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304.

16.      Upon information and belief, additional barriers exist at the Subject Facility that further impede accessibility. A full inspection will reveal these conditions. In order to properly remedy Defendants' violations and avoid piecemeal litigation, Plaintiff intends to amend the Complaint to include any violations revealed during inspection.

17.      Upon information and belief, portions of the Subject Facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design (for alterations prior to March 15, 2012) or the 2010 ADA Standards for Accessible Design (for alterations on or after March 15, 2012).

In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform to the applicable Standards, they remain in violation of Title III.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

18.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

19.     Defendants have engaged in ongoing discrimination against Plaintiff in violation of Title III of the ADA, 42 U.S.C. §§ 12181–12189, and its implementing regulations at 28 C.F.R. Part 36. By failing to remove architectural barriers where removal is readily achievable, and by failing to ensure that altered areas of the Subject Facility comply with the applicable ADA Standards, Defendants have denied Plaintiff full and equal access to their goods, services, and facilities.

20.     Defendants' conduct constitutes discrimination under 42 U.S.C. § 12182(b)(2)(A), which requires public accommodations to remove architectural barriers where such removal is readily achievable, and under 42 U.S.C. § 12183(a)(2), which mandates accessibility in altered facilities to the maximum extent feasible.

21.     Defendants' actions also violate the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a), which prohibits discrimination in places of public accommodation on the basis of disability.

22.     Defendants' conduct further violates the New York State Civil Rights Law, §§ 40 and 40-c, which secure the civil rights of individuals with disabilities to access public accommodations on equal terms.

23.     Additionally, Defendants are in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)(a), which independently prohibits disability

discrimination in public accommodations and imposes obligations to ensure facilities are accessible.

24.    As a result of Defendants' conduct, Plaintiff has been denied equal use and enjoyment of the Subject Facility, subjected to humiliation and frustration, and deprived of rights guaranteed by federal, state, and city law.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

25.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

26.    Defendants' conduct also violates the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a), which makes it an unlawful discriminatory practice for any owner, lessee, manager, or operator of a place of public accommodation to deny individuals with disabilities the full and equal enjoyment of the facilities, services, and accommodations provided to the public.

27.    By operating and maintaining the Subject Facility in a manner that excludes Plaintiff and other individuals with disabilities, Defendants have engaged in unlawful discrimination under state law. Plaintiff has been deprived of rights guaranteed by the New York State Human Rights Law, including equal access to public accommodations, and has suffered humiliation, frustration, and the loss of dignity as a result of Defendants' actions.

## THIRD CAUSE OF ACTION

### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

28.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

29.    Defendants' conduct also violates the New York State Civil Rights Law,

6

including §§ 40 and 40-c, which guarantee to all persons, regardless of disability, the equal enjoyment of accommodations, advantages, and privileges of public places. These provisions protect individuals with disabilities against discrimination and exclusion from facilities open to the public.

30.     By denying Plaintiff equal access to the Subject Facility, Defendants have infringed upon Plaintiff's statutory civil rights. As a direct result, Plaintiff has suffered harm, including the loss of equal treatment, humiliation, and the denial of rights secured by state law.

## FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

31.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

32.     Defendants' conduct also violates the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)(a), which makes it an unlawful discriminatory practice for the owner, lessee, manager, or operator of a place or provider of public accommodation to directly or indirectly withhold, deny, or limit the facilities, services, advantages, or accommodations of such place on the basis of disability.

33.     By maintaining barriers that prevent individuals with disabilities, including Plaintiff, from full and equal access to the Subject Facility, Defendants have engaged in unlawful discrimination under city law. Plaintiff has been denied rights guaranteed by the New York City Human Rights Law and has been subjected to humiliation, frustration, and unequal treatment as a result of Defendants' conduct.

## INJUNCTIVE RELIEF

34.     Pursuant to 42 U.S.C. § 12188 and related provisions of state and city law, Plaintiff is entitled to an injunction requiring Defendants to remove architectural barriers at

the Subject Facility, to bring the premises into compliance with the ADA Standards, and to make the facility fully accessible to individuals with disabilities. Without such relief, Plaintiff will continue to suffer irreparable harm in being denied equal access to a public accommodation.

## DECLARATORY RELIEF

35.    Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

36.    In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i.    Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii.    Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards

or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.  Award of compensatory damages in an amount to be determined at trial;

v.  Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.  Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.  Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.  For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.


Dated: September 30, 2025

    Manhasset, New York

                     Respectfully submitted,

                     **GABRIEL A. LEVY, P.C.**
                     Attorney for Plaintiff
                     1129 Northern Blvd, Suite 404
                     Manhasset, NY 11030
                     (347) 941-4715

                     **By:** /s/ Gabriel A. Levy, Esq.
                     **GABRIEL A. LEVY, ESQ (5488655)**
                     Glevy@glpcfirm.com